NOT DESIGNATED FOR PUBLICATION

No. 117,141

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DOUGLAS MALLOY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed September 1, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MCANANY, P.J., STANDRIDGE, J., and WALKER, S.J.

PER CURIAM: Douglas Malloy appeals the order of the district court imposing a 180-day sanction and extending his probation after he violated the terms of his probation. We find no abuse of discretion in the district court imposing this sanction and affirm.

Pursuant to a plea agreement, Malloy pled guilty to possession of methamphetamine and was placed on probation for 12 months with an underlying prison sentence of 16 months.

Eight months later, Malloy violated the terms of his probation. The district court revoked and then reinstated his probation, extending his probation for six months. The court also ordered Malloy to serve a two-day "Quick-Dip" sanction in the county jail.

1

About six weeks later, Malloy again violated probation and the district court again revoked and reinstated his probation, extended his probation for 12 months, and ordered him to serve a three-day "Quick-Dip" sanction in the county jail.

Less than two months later, Malloy violated the terms of his probation for the third time. The district court imposed a 180-day sanction pursuant to K.S.A. 2016 Supp. 22-3716(c)(1)(D) and extended Malloy's probation for an additional 12 months.

Malloy appeals. He claims that the district court's sanction was too harsh. He points to the mitigating circumstances he provided to the court to support his contention that the sanction imposed was unreasonable.

Once Malloy stipulated to violating the terms of his probation, the disposition decision was within the district court's sound discretion. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). A judicial action constitutes an abuse of discretion if no reasonable person would take the view adopted by the district court or if the action was based on an error of fact or law. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Malloy bears the burden to show an abuse of discretion. See *State v. Burnett*, 300 Kan. 419, 449, 329 P.3d 1169 (2014).

K.S.A. 2016 Supp. 22-3716(c) generally provides for the imposition of intermediate sanctions for probation violations before ordering the defendant to serve the underlying sentence. First, the district court may impose jail confinement for two-day or three-day consecutive periods, not to exceed a total of 18 days. K.S.A. 2016 Supp. 22-3716(c)(1)(B). Second, if the district court previously imposed a "Quick-Dip" sanction under K.S.A. 2016 Supp. 22-3716(c)(1)(B), the court may remand the defendant to the custody of the Secretary of Corrections for 120 days, subject to a reduction of up to 60 days at the discretion of the Secretary of Corrections. See K.S.A. 2016 Supp. 22-3716(c)(1)(C). Third, if the district court has previously imposed a sanction under K.S.A.

2

2016 Supp. 22-3716(c)(1)(B), the district court may remand the defendant to the custody of the Secretary of Corrections for 180 days, subject to a reduction of up to 90 days in the discretion of the secretary. Fourth, if the district court has previously imposed a sanction under K.S.A. 2016 Supp. 22-3716(c)(1)(C) or (D), the court may revoke the defendant's probation and order the defendant to serve the underlying sentence or a lesser sentence as modified.

Malloy stipulated to violating the terms of his probation. He does not point to any errors of fact or law in the district court's decision to impose the 180-day sanction and extend the term of his probation. His claim is that the court abused its discretion by imposing too harsh a sanction in the face of Malloy's assertions at the hearing that he missed court-ordered drug treatment due to an infection on his arm and his father's heart attack.

Here, the district court followed the mandates of K.S.A. 2016 Supp. 22-3716(c). Malloy had violated his probation on two previous occasions and served two Quick-Dip sanctions. K.S.A. 2016 Supp. 22-3716(c)(1)(D) authorized the district court to impose a 180-day sanction if a lesser sanction had previously been imposed. The sanction the district court imposed was authorized by statute, and Malloy fails to convince us that under the circumstances of this case no reasonable judge would have imposed this sanction.

Affirmed.